**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos Alcoverde,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | No. CV-22-00253-TUC-LCK<br><br>**ORDER** |

　　　Plaintiff Marcos Alcoverde brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of Social Security (Commissioner). Plaintiff filed an opening brief, Defendant responded, and Plaintiff replied. (Docs. 16, 17, 20.) The parties have consented to Magistrate Judge jurisdiction. (Doc. 13.) Based on the pleadings and the Administrative Record, the Court remands this matter for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

　　　Alcoverde was born in February 1972 and was 47 years of age at the alleged onset date of his disability. (Administrative Record (AR) 160.) He filed an application for Disability Insurance Benefits (DIB) in January 2020 alleging disability from May 29, 2019. (*Id.*) From 2002 to May 2019, Alcoverde worked for Kelly Energy as an electrical foreman. (AR 35-36, 205.) Alcoverde's DIB application was denied upon initial review (AR 50-62) and on reconsideration (AR 63-80). A telephonic hearing was held on December 16, 2020.

(AR 32-47.) The ALJ then found Alcoverde was not disabled. (AR 17-27.) The Appeals Council denied Alcoverde's request for review of that decision. (AR 1.)

The ALJ found Alcoverde had severe impairments of degenerative disc disease, diabetes mellitus, asthma, obesity, and status post right shoulder surgery. (AR 19.) The ALJ determined Alcoverde had the Residual Functional Capacity (RFC) to perform light work with limitations to occasional climbing of ramps and stairs, stooping, kneeling, crouching, and crawling; only frequent balancing and right handling; and no workplace hazards, climbing ladders, ropes, or scaffolds, and right overhead reaching. (AR 22.) The ALJ concluded at Step Five, based on the testimony of a vocational expert, that Alcoverde could perform the jobs of machine feeder, kitchen helper, and cleaner II. (*Id.*)

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate DIB claims. 20 C.F.R. § 404.1520; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing he (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's RFC precludes him from performing his past work. 20 C.F.R. § 404.1520(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, she does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v.*

*Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Alcoverde argues the ALJ committed two errors: (1) he failed to provide clear and convincing reasons for rejecting Alcoverde's symptom testimony; and (2) he failed to include all of Alcoverde's limitations in the RFC.

Alcoverde argues the ALJ failed to provide clear and convincing reasons to reject his symptom testimony. In general, "questions of credibility and resolution of conflicts in the testimony are functions solely" for the ALJ. *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). However, "[w]hile an ALJ may certainly find testimony not credible and disregard it . . . [the court] cannot affirm such a determination unless it is supported by specific findings and reasoning." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884-85 (9th Cir. 2006); *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1995) (requiring specificity to ensure a reviewing court the ALJ did not arbitrarily reject a claimant's subjective testimony); SSR 16-3p. "To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007).

Initially, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell*, 947 F.2d at 344). The ALJ found Alcoverde had satisfied part one of the test by proving impairments that could produce the symptoms alleged. (AR 22.) Next, "unless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each." *Robbins*, 466 F.3d at 883; *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003) (holding an ALJ can reject claimant testimony if he finds evidence of malingering). The ALJ did not make a finding of malingering. Therefore, to support his discounting of Alcoverde's assertions regarding the severity of his symptoms, the ALJ had to provide clear and convincing, specific reasons. *See Robbins*, 466 F.3d at 883.

At the December 2020 hearing, when asked why he stopped working, Alcoverde testified that he could no longer work, sit, "or do anything" after his third back surgery. (AR 35.) He stated that he tried to help with house chores but wasn't able to do them. (AR 37.) He was able to drive but did so only for short distances. (AR 37-38.) He thought he could stand, with movement, for up to an hour, and could sit for up to 20 minutes. (AR 40.) He needed to alternate positions including putting one or both feet up above waist level a few times a day for at least 10 minutes. (AR 40-42.) He thought he could lift a maximum of 15 pounds. (AR 41.) Alcoverde testified that he had difficulty concentrating due to pain. (AR 42.) He had very good relief in the first few months after a June 2019 implantation of a spinal cord stimulator, but then he deteriorated. (AR 38.) He continued to use it because without it he experienced agonizing pain and could not do anything. (AR 39.) He reported that one of his medications made him drowsy, and another one caused insomnia. (AR 40.) He obtained some relief from medical marijuana. (AR 39-40.) Alcoverde's right shoulder caused limitations with squeezing, it popped with motion, and it required rest between activities. (AR 42-43.) About once a week, he experienced blood sugar swings that caused

nausea, weakness, shakes, sweats, and near fainting. (AR 43.) Alcoverde also experienced foot and calf numbness and arm burning. (AR 43-44.)

The ALJ stated that he discounted Alcoverde's symptom testimony because the severity asserted was not entirely consistent with the evidence in the record, including the objective medical evidence. (AR 22-23.) After summarizing some of the medical evidence, the ALJ concluded, "the claimant's allegations are not entirely consistent with the longitudinal and objective medical evidence of record. The claimant does experience some levels of pain and limitations but only to the extent described in the residual functional capacity above." (AR 25.) Defendant argues the ALJ provided a sufficient ground to discount Alcoverde's symptom testimony based on his improvement from the implantation of a spinal cord stimulator. (Doc. 17 at 10-12.) The ALJ did not make an explicit finding that he was discounting Alcoverde's symptom testimony based on improvement from the stimulator. However, in light of Defendant's argument, the Court reviews the ALJ's discussion of Alcoverde's status after implantation of the spinal cord stimulator.

The ALJ noted that Alcoverde reported improvement from the temporary stimulator as well as the permanent stimulator, for the first several weeks after its June 2019 implantation. (AR 23.) In January 2020, Alcoverde reported chronic lumbar pain, and sensory changes and radiating pain in his lower extremities; the ALJ also noted abnormal objective findings. (*Id.*) In May 2020, Alcoverde reported a 50% reduction in pain from his spinal cord stimulator, but he was unable to use it because he had lost the charger; he reported severe pain. (*Id.*) The ALJ documented mixed examination results. (*Id.*) Subsequent imaging revealed mild to moderate degenerative changes. (*Id.*) From the December 2020 hearing, the ALJ noted Alcoverde's testimony that the spinal cord stimulator was initially helpful but then his pain became much worse, and he was using a walker. (AR 22.) Close review of the ALJ's opinion does not substantiate Defendant's reliance on this discussion. The ALJ documented that the stimulator decreased Alcoverde's back pain after implantation. But he also noted that Alcoverde's pain became worse over time and the objective findings were mixed. And the ALJ did not address Alcoverde's

testimony regarding medication side effects, shoulder limitations, symptoms from uncontrolled blood sugar, or the effect of his diabetic neuropathy. Overall, the ALJ's discussion did not amount to an implicit finding that the entirety of Alcoverde's symptom testimony was undermined because he experienced meaningful sustained improvement from the stimulator.

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ wholly failed to comply with this directive. The ALJ's opinion discussed some of the clinical evidence; however, he did not link that evidence to Alcoverde's symptom testimony. (AR 23-24.) Further, if the objective medical evidence fully explained a claimant's symptoms, then credibility would be irrelevant. Credibility factors into the ALJ's decision only when the claimant's stated symptoms are not substantiated by the objective medical evidence. SSR 16-3p. Thus, it is error for an ALJ to discount symptom testimony solely because a claimant's symptoms are not substantiated by the medical evidence. *Id.*; *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ erred in failing to identify any other basis to discount Alcoverde's symptom testimony.

## CONCLUSION

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). When a court finds that an administrative decision is flawed, the remedy should generally be remand for "additional investigation or explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2006) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)); *see also Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004).

Alcoverde seeks solely a remand for further consideration. The Court finds that is the proper remedy. Remand for an award of benefits is not warranted because it is not evident on the record currently before the Court that Alcoverde is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (requiring that it be "clear from the record that the ALJ would be required to find the claimant disabled" before applying the credit as true

rule and awarding benefits). Further, the Court finds this case would benefit from further proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Upon remand, the ALJ must reconsider Alcoverde's symptom testimony. Additionally, the record does not contain any medical opinions from doctors that examined Alcoverde. The ALJ should consider obtaining one or more consultative exams and/or opinions from a treating medical professional.

Because the Court finds remand appropriate based on the ALJ's error in evaluating Alcoverde's symptom testimony, and the ALJ will necessarily re-evaluate the RFC, the Court did not reach Claim 2. However, the Court highlights Alcoverde's concern that the ALJ failed to fully consider, and account for, his symptoms and limitations from diabetic neuropathy.

Accordingly,

**IT IS ORDERED** that this case is remanded to the ALJ for a new hearing and further proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court should enter judgment and close this case.

Dated this 7th day of July, 2023.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge